Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8120 | **DATE** | 4/28/2003 |
| **CASE TITLE** | Socorro vs. IMI Data Search, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For reasons set forth on the attached order, defendant Hilton's motion to dismiss (7-1,9-1) is granted in part and denied in part. Defendant IMI's motion to dismiss (8-10 is also granted in part and denied in part. Counts 3,5 and 6 are dismissed. Defendants are directed to answer Socorro's remaining claims within seven days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 19 |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD SOCORRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02 C 8120 |
| | ) |
| IMI DATA SEARCH, INC. and | ) |
| HILTON HOTELS CORP., | ) |
| | ) |
| Defendants. | ) |

DOCKETED
MAY 0 2 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Edward Socorro sued Hilton Hotels Corp., his former employer, and IMI Data Search, Inc., the company Hilton hired to perform a background check on him. The seven count complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and Illinois common law. The case is before the Court on defendants' motions to dismiss Socorro's state law claims. For the reasons stated below, defendants' motions are granted in part and denied in part.

## BACKGROUND

On a motion to dismiss, the Court accepts the plaintiff's factual allegations as true and construes all inferences and ambiguities in his favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Socorro's complaint alleges the following factual scenario.

Sometime before July 2000, Hilton contacted Socorro about a job possibility. Socorro

19

was then employed by another firm and had been for a considerable period of time. On July 24, 2000, Hilton offered Socorro the position of Director of Travel Industry Sales/Travel Partner Relations. Socorro accepted and reported to work on August 14. On his first day, he completed several employment forms, among them a Hilton employment application. On the application Socorro truthfully replied "no" to the question whether he had ever been convicted of a felony or misdemeanor. A paragraph at the bottom of the application form stated "I authorize Hilton to investigate my background...." Because he did not initial this paragraph, Socorro maintains that he did not give permission for a background check.

Some time after Socorro had begun his employment at Hilton, Hilton hired IMI to investigate Socorro's background and particularly whether he had any criminal convictions. Around September 7, 2002, IMI reported to Hilton, albeit mistakenly, that Socorro had been convicted of a misdemeanor and had served six months in jail.

Socorro was not informed of the background check, but on October 9, a managing director called Socorro and asked him if he had ever been convicted or spent six months in jail. Socorro, again truthfully, replied that he had not. Hilton did not, however, investigate the veracity of his denial or press IMI to verify its report. On October 10, Hilton informed Socorro that he had been terminated for falsifying his application. After multiple requests for a copy of his personnel file, on February 5, 2001, Hitlon provided him a partial file.

Socorro alleges that after his termination, Hilton repeated to third parties that Socorro was fired because he lied on his application and that he was a convict who had spent six months in jail. Socorro credits his extended inability to secure new employment, despite various attempts, to these false statements. Socorro did finally secure new employment in May 2001, but at a

substantially lower rate of compensation than the Hilton position.

Socorro filed this lawsuit in Illinois state court; defendants removed the case to federal court after he amended his complaint to include a claim under the Fair Credit Reporting Act. Socorros's amended complaint contains seven counts: defamation by both Hilton and IMI; tortious interference with prospective economic advantage by IMI; infliction of emotional distress by Hilton and IMI; false light invasion of privacy by Hilton and IMI; negligence by Hilton; negligent hiring, retention and/or supervision by Hilton; and violations of the FCRA by both Hilton and IMI. Defendants have moved to dismiss the state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## DISCUSSION

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accepting the plaintiff's allegations as true, the Court will dismiss a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. Hilton's Motion to Dismiss

#### *1. Defamation*

Hilton argues that Socorro's defamation and false light claims should be dismissed because they "are not pled with the requisite specificity required under Illinois law," and because Socorro "has not alleged sufficient facts to state a claim." Hilton's Mot. to Dismiss at 3.

Under Illinois law, a statement is considered defamatory if it "tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third

persons from associating with him." *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 10, 607 N.E.2d 201, 206 (1992). The elements of a defamation claim are (1) a defamatory assertion of fact about the plaintiff; (2) publication to a third party; and (3) injury to the plaintiff's reputation. *See Krasinski v. United Parcel Serv., Inc.*, 124 Ill. 2d 483, 490, 530 N.E.2d 468, 471 (1988).

Defamatory statements fall into two categories – defamation *per se* and defamation *per quod*. A statement is defamatory *per se* if it is it is so obviously harmful to the plaintiff that injury to his reputation is presumed. *Kolegas*, 154 Ill. 2d at 10, 607 N.E.2d at 206. Because the injury to reputation is apparent, the plaintiff need not plead or prove special damages. *Van Horne v. Muller*, 185 Ill. 2d 299, 307, 705 N.E.2d 898, 903 (1998). Statements that are defamatory *per quod*, on the other hand, are capable of an innocent construction and require extrinsic facts to explain the defamatory meaning. *Kolegas*, 154 Ill. 2d at 10, 607 N.E.2d at 206. In an action for defamation *per quod*, a plaintiff must therefore plead and prove special damages – extrinsic facts that show "actual damage to his reputation and pecuniary loss resulting from the defamatory statement." *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 933 (N.D. Ill. 2000) (citing *Bryson v. News America Publ'ns, Inc.*, 174 Ill. 2d 77, 88, 672 N.E.2d 1207, 1214 (1996)). The plaintiff in a *per quod* action must comply with the heightened pleading standard of Federal Rule 9(g), requiring that special damages be "specifically stated." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 927 (7th Cir. 2003).

Under Illinois law, words that "impute the commission of a criminal offense" are considered actionable *per se*. *Bryson*, 174 Ill. 2d at 88, 672 N.E. 2d at 1214. Because the allegedly defamatory statement – that Socorro was convicted of a crime and spent six months in jail – clearly falls within the category of *per se* defamation, Socorro need not allege special

4

damages and is "entitled to the usual rules for notice pleading established by Rule 8." *Muzikowski*, 322 F.3d at 926.

Because Socorro's allegations provide adequate notice of his claim and its basis, dismissal is inappropriate. Without the benefit of discovery, it is not necessary for Socorro to state precisely who said what to whom. *Wynne v. Stevenson*, No. 02 C 5263, 2002 WL 31804497, at *2 (N.D. Ill. Dec. 13, 2002); *cf. Conley*, 355 U.S. at 47-48 ("[S]implified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense . . . .").

Hilton maintains that federal pleading rules require Socorro to "plead the precise language of the defamation." Hilton's Mot. to Dismiss at 3. It cites several decisions from this District that apply a *haec verba* pleading requirement in defamation actions. *See, e.g., Silk v. City of Chicago*, No. 95 C 0143, 1996 WL 312074 (N.D. Ill. June 4, 1996); *Manion v. Lima Mem'l Hosp.*, No. 93 C 6138, 1994 WL 178316 (N.D. Ill. May 9, 1994). These cases all rely, however, on a district court decision, *Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 707 (N.D. Ill. 1990), which in turn cites another district court opinion, *Seaphus v. Lilly*, 691 F. Supp. 127 (N.D. Ill. 1988) (citing an Eighth Circuit case), for the proposition that a plaintiff must recite the precise language alleged to be defamatory. We question whether theses cases are consistent with Rule 8 and the concept of notice pleading. But in any event, most courts that have applied this standard have found it satisfied relatively easily; an allegation is considered "specific enough" if it permits the defendant to understand the specific nature of the claim and form a responsive pleading. *Wynne*, 2002 WL 31804497, at *2; *see, e.g., Cozzi v. Pepsi-Cola Gen. Bottlers Inc.*,

5

No. 96 C 7228, 1997 WL 312048, at *5 (N.D. Ill. June 6, 1997) (stating that "courts in this district . . . have held that the defamatory language need not be quoted verbatim"). As stated above, the Court finds that Socorro's allegations meet this requirement and thus satisfy Rule 8.

## 2. *False Light Invasion of Privacy*

To prevail on a claim of false light invasion of privacy, Socorro must show that (1) he was placed in a false light before the public as a result of the defendant's actions; (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice, "that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false." *Kolegas*, 154 Ill. 2d at 17-18, 607 N.E.2d at 209-210. "Publicity" in the false light context involves more than relaying the statement to a third person; rather it means "communicating the matter to the public at large or to so many persons that the matter must be regarded as one of general knowledge." *Roehrborn v. Lambert*, 277 Ill. App. 3d 181, 184, 660 N.E.2d 180, 183 (1995).

Hilton argues that Socorro has not adequately alleged that the false statements were communicated to the public. Socorro's complaint does, however, allege that Hilton repeated "to third persons not associated with Hilton the information provided by IMI" and "that Socorro was terminated by Hilton for falsification of his Application." Compl. ¶¶ 23-24. Under the liberal notice pleading regime of Rule 8, these statements are sufficient to allege the publicity element. Socorro may be able to demonstrate that the "third persons" he refers to are so numerous as to meet the publicity requirement, and he is entitled to attempt to prove his claim.

Hilton relies on decisions stating that false light claims cannot be maintained if the statement is not "publicized outside the workplace community to the public at large." Hilton's

6

Mot. to Dismiss at 5 (quoting *Jones v. Sabis Educ. Sys., Inc.*, No. 98 C 4252, 1999 WL 1206955 (N.D. Ill. Dec. 13, 1999)). These cases are inapposite, however, because contrary to Hilton's contentions, Socorro does allege that the statements were communicated to persons "not associated with Hilton"– in other words, to persons outside the work environment.

### 3. *Negligent Infliction of Emotional Distress*

Hilton contends that Socorro's claim of negligent infliction of emotional distress (NIED) is barred by the Illinois Workers Compensation Act, 820 ILCS 305/1 *et seq.*, and that in any event Socorro has not sufficiently stated a claim. The IWCA "provides the exclusive remedy for accidental injuries" that occur in the workplace. *Hunt-Galliday v. Metro. Water Reclamation Dist.*, 104 F.3d 1004, 1016 (7th Cir. 1997). The Act contains the following exclusivity provision:

> No common law or statutory right to recover damages from the employer ... for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act. ...

820 ILCS 305/5(a). The IWCA also provides that the compensation under the Act "shall be the measure of [an employer's] responsibility." *Id.* 305/11.

An injury is compensable under the IWCA, however, only if it "aris[es] out of and in the course of the employment." 820 ILCS 305/2; *Orsini v. Indus. Comm'n*, 117 Ill. 2d 38, 44, 509 N.E.2d 1005, 1008 (1987). These requirements are "used conjunctively, and therefore both elements must be present" for the IWCA and its exclusivity provisions to apply. *Id.* The phrase "in the course of employment" refers to "the time, place and circumstances" of the injury. *Id.* "An injury is received in the course of employment where it occurs within a period of

employment . . . while [the employee] is fulfilling [his] duties or engaged in something incidental thereto." *Scheffler Greenhouses, Inc. v. Indus. Comm'n*, 66 Ill. 2d 361, 367, 362 N.E.2d 325, 327 (1977). The IWCA therefore operates to bar common law liability only for injuries attributable to Hilton's acts while Socorro was in its employ; liability for acts that occurred after his termination are not barred.

Because the IWCA abrogated employer liability for common law negligence actions, *Small v. Chicago Health Clubs, Inc.*, 843 F. Supp. 398, 403 (N.D. Ill. 1994), it bars Socorro's NIED claim as to any injury inflicted while in Hilton's employ. As for NIED that occurred after Socorro's termination, Hilton argues that Socorro has not alleged that Hilton breached a duty recognized by Illinois law. To state a NIED claim, Socorro must allege that the defendant owed him a duty which it breached, proximately causing him injury. *Parks v. Kownacki*, 193 Ill. 2d 164, 181, 737 N.E.2d 287, 296-97 (2000). Although Socorro is not, as Hilton contends, obliged to plead facts in federal court, to state a claim he must identify a legally cognizable duty that Hilton breached. *Id.*, 737 N.E.2d at 297. It appears from the complaint that Socorro alleges that Hilton owed him a duty to investigate the truth or falsity of IMI's report. He has cited no authority, however, supporting the existence of such a duty, even after Hilton's motion raised this issue. Socorro's NIED claim is therefore dismissed as to defendant Hilton.

### 4. *Intentional Infliction of Emotional Distress*

Although Socorro argues otherwise, the IWCA also bars a claim against the plaintiff's employer for intentional infliction of emotional distress (IIED) that arises out of and in the course of employment. *See Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 236-37, 408 N.E.2d 198, 201-02 (1980). Socorro can avoid the IWCA's bar if the injury (1) was not accidental; (2) did

not arise from his employment; (3) was not inflicted during the course of employment; or (4) is not compensable under the IWCA. *Id.* at 237, 408 N.E.2d at 202. Because "emotional distress is compensable under the Act . . . [,] plaintiff cannot escape the exclusivity provisions on this basis." *Id.* Socorro argues in his response to the motion to dismiss that the IIED occurred after he had been terminated and therefore not in the course of his employment, and this construction of the claim is consistent with his complaint. The IWCA thus does not present a bar to his claim.

Socorro has nonetheless failed to state a claim for IIED. To do so, he must allege that the conduct involved was extreme and outrageous, the defendant intended to inflict severe emotional distress or knew there was a high probability that such distress would result, and the conduct caused him severe emotional distress. *Doe v. Calumet City*, 161 Ill. 2d 374, 392, 641 N.E.2d 498, 506 (1994) (citing *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 360 N.E.2d 765 (1976)). To meet the first element, the alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." *Oates v. Discovery Zone*, 116 F.3d 1161, 1174 (7th Cir. 1997) (quoting *Public Finance Corp,.* 66 Ill. 2d at 90, 360 N.E.2d at 767). Hilton's alleged conduct – firing him based on IMI's erroneous report, either before or after Socorro denied its veracity,[1] and portraying him falsely to others – though deplorable if proven, does not rise to the level of "outrageousness" required to sustain an IIED claim. *See, e.g., Harriston v. Chicago Tribune Co.*, 992 F.2d 697 (7th Cir. 1993) (conduct not extreme and outrageous where plaintiff was not permitted to supervise white employees; was reprimanded and falsely accused of poor performance; was excluded from office activities and decisions; was forced out of management position and not given promised promotion; and had

---

[1] Socorro's complaint and response relay inconsistent versions of the sequence of events.

her calls monitored and her vehicle vandalized). Socorro's naked statement that the conduct was "outrageous" does not make it so. Accordingly, the Court dismisses Socorro's claim for IIED.

### 5. *Common Law Negligence*

Hilton maintains that Socorro's negligence claim must be dismissed because Socorro does not identify a duty that is recognized by Illinois law. Count 5 of the complaint alleges that Hilton breached a "duty to investigate the truth or falsity of whether Socorro was a) convicted of a crime and b) spent six months in jail." Compl. ¶ 49. As stated above, Socorro has failed to support the existence of such a duty under Illinois law. His negligence claim is therefore dismissed.

Socorro concedes that count 6 – negligent hiring, retention, or supervision – should be dismissed, and we therefore grant Hilton's motion as to this claim.

## B. IMI's Motion to Dismiss

IMI maintains that Socorro cannot maintain his claims against it because the Fair Credit Reporting Act preempts common law defamation, invasion of privacy, and negligence actions arising from a consumer reporting agency's disclosure of consumer information. The Act provides in relevant part:

> Except as [otherwise provided by the Act], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). IMI qualifies as a "consumer reporting agency," Socorro as a "consumer,"

10

and Hilton as a "user of a consumer report" under the FCRA. *See id.* § 1681a.

IMI acknowledges that the limitation of liability provision does not bar claims related to the disclosure of false information with malice or willful intent to injure the consumer. IMI argues, however, that Socorro has insufficiently alleged that IMI acted with malice or willful intent. IMI contends that Socorro "must allege facts from which actual malice may be inferred." IMI's Mot. to Dismiss ¶15. This argument is frivolous. Rule 9 specifically provides that malice may be averred generally. Fed. R. Civ. P. 9(c). Having chosen to remove this case to federal court, IMI can no longer reap the benefit of Illinois' pleading standards, which "of course do[] not apply in a federal court." *Muzikowski*, 322 F.3d at 926. In federal court, a complaint "cannot be dismissed on the ground that it is conclusory or fails to allege facts. The federal rules require . . . only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Socorro's allegations provide IMI with "notice of the crux of the plaintiff's charges" and therefore meet the requirement of Rule 8. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

However, Socorro's NIED claim is barred by the FCRA's preemption provision, and his IIED claim against IMI suffers from the same deficiencies as his claim against Hilton. The Court therefore dismisses these claims as to defendant IMI.

## CONCLUSION

For the reasons stated above, defendant Hilton's motion to dismiss [Nos. 7-1, 9-1] is granted in part and denied in part. Defendant IMI's motion to dismiss [No. 8-1] is also granted in part and denied in part. Counts 3, 5 and 6 are dismissed. Defendants are directed to answer Socorro's remaining claims within seven days of this order.

                                      MATTHEW F. KENNELLY
                                      United States District Judge

Date: April 28, 2003